UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | | |
|---|---|---|---|
| IN RE: | ) | | |
| | ) | | |
| THERMOVIEW INDUSTRIES, INC. | ) | | |
| | ) | | |
| Debtor(s) | ) | Case No. | 05-37123(1)(11) |
| | ) | | |
| THERMOVIEW INDUSTRIES, INC. | ) | | |
| | ) | | |
| Plaintiff(s) | ) | AP No. | 05-3219 |
| | ) | | |
| vs. | ) | | |
| | ) | | |
| NELSON CLEMMENS | ) | | |
| | ) | | |
| Defendant(s) | ) | | |

**MEMORANDUM-OPINION**

This matter is before the Court on the Motion to Remand to State Court of Nelson Clemmens ("Clemmens") and the Objection to Defendant's Motion to Remand of Plaintiff/Debtor ThermoView Industries, Inc. ("Debtor"). A hearing on the matter was held on January 11, 2006 and Plaintiff was permitted additional time to file a written response to the Motion to Remand after which the matter was submitted. For the following reasons, the Court **GRANTS** Clemmens' Motion to Remand to State Court. An Order incorporating the findings herein accompanies this Memorandum-Opinion.

**FACTS**

Clemmens personally guaranteed $500,000 of a $15 million loan to Debtor from PNC Bank. That loan was later assigned to GE Capital. Debtor defaulted and PNC enforced its right to collect on Clemmens' guaranty.

On November 19, 2001, Clemmens filed suit against Debtor in Jefferson Circuit Court seeking reimbursement and/or indemnity from Debtor. On May 9, 2003, the Circuit Court entered Summary Judgment in Clemmens' favor. Debtor appealed the Circuit Court ruling to the Kentucky Court of Appeals. On or about October 8, 2004, the Court of Appeals reversed the Circuit Court and remanded the matter to Circuit Court for further proceedings.

Clemmens filed a Motion for Discretionary Review with the Supreme Court on January 5, 2004. The Petition for Discretionary Review was denied on April 13, 2005.

Final Judgment was entered by the Circuit Court on July 11, 2005. Debtor filed a Notice of Appeal with the Court of Appeals on July 18, 2005.

On September 26, 2005, Debtor filed its Petition seeking relief under Chapter 11 of the United States Bankruptcy Code. Pursuant to 11 U.S.C. §362, the Kentucky Court of Appeals' action was stayed.

On December 19, 2005, Debtor filed its Notice of Removal with this Court on the pending Court of Appeals' action styled, ThermoView Industries, Inc. v. Nelson E. Clemmens, No. 05-CA-001499-MR and No. 2005-CA-001556-MR.

On January 6, 2006, Clemmens filed his Motion to Remand the Matter to State Court. Debtor's Objection to the Motion to Remand was filed on January 23, 2006.

**LEGAL ANALYSIS**

Clemmens requests this Court to remand this adversary proceeding to state court pursuant to 28 U.S.C. §1334(c)(1). The statute states, in pertinent part,

> . . . nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State court or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

Under the permissive abstention doctrine, federal courts have broad discretion to abstain from hearing state law claims whenever appropriate in the interest of justice, or in the interest of comity with state courts or respect for state law. Matter of Gober, 100 F.3d 1195, 1206 (5th Cir. 1996). In determining whether permissive abstention is appropriate, courts generally consider the twelve factors set forth in In re Best Reception Systems, Inc., 220 B.R. 932, 953 (Bankr. E.D. Tenn. 1998). A consideration of these factors compels this Court to abstain from hearing this case and remand it back to state court.

The first factor considered is whether remand will affect the efficient administration of the estate. For all practical purposes, the administration of this bankruptcy estate is nearly complete. Furthermore, the procedural history of this action in state court is long and involved. The Circuit Court has handled the case twice and it is before the Kentucky Court of Appeals for the second time. As stated in Republic Reader's Serv., Inc., 81 B.R. 422, 426 (Bankr. S.D. Tex. 1987),

> Where a cause of action for monetary damages based primarily on state law can be litigated in state court without substantial delay and disruption to the orderly administration of the estate, the best forum for resolution of that action is state court, irrespective of whether the legal issues present unsettled questions of state law.

Remand would not result in delay and disruption of the orderly administration of Debtor's estate. Considering the long procedural history of this case in state court, it is clear that the state court is better able to efficiently handle the issues currently pending on appeal.

Next, the issue involved is not a federal question, nor is there any basis for diversity jurisdiction. Thus, there is no independent basis for federal jurisdiction absent the chapter 11 case.

It is also clear that state law issues predominate over bankruptcy issues in this case. Although this Court is equipped to determine the state law issues, given the current posture of the case in state court, the state court could more expeditiously handle the issues pending on appeal.

The Court finds that the state law issues and procedural history of the case in state court weigh heavily in favor of permissive abstention. Other factors in the Best Reception Systems test also weigh in favor of abstention, such as the presence of non-debtor parties and the likelihood that the removal involves forum shopping by one of the parties. These factors, however, do not predominate over the state law issues and the extensive procedural history in state court. All of the factors discussed above lead this Court to exercise its discretion to abstain from hearing this proceeding under the authority of 28 U.S.C.A. §1334(c)(1) and to remand the matter back to state Court.

## CONCLUSION

For all of the above reasons, the Court will abstain from hearing this proceeding and remand it for further proceedings in the s tate court. An Order granting Clemmens' Motion to Remand to State Court accompanies this Memorandum-Opinion.

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| THERMOVIEW INDUSTRIES, INC. | ) | |
| | ) | |
| Debtor(s) | ) | Case No.  05-37123(1)(11) |
| | ) | |
| THERMOVIEW INDUSTRIES, INC. | ) | |
| | ) | |
| Plaintiff(s) | ) | AP No.   05-3219 |
| | ) | |
| vs. | ) | |
| | ) | |
| NELSON CLEMMENS | ) | |
| | ) | |
| Defendant(s) | ) | |

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion to Remand to State Court of Nelson Clemmens, be and hereby is, **GRANTED** pursuant to 28 U.S.C.A. §1334(c)(1). This matter is remanded back to state court and this Court abstains from adjudicating the merits of any further issues herein.

This is a final and appealable Order and there is no just reason for delay.